UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COVIDIEN HERNIA MESH
PRODUCTS LIABILITY LITIGATION (NO. II)    MDL No. 3029

**TRANSFER ORDER**

**Before the Panel**: Defendants Covidien LP, Covidien Holding Inc., Covidien, Inc., Covidien plc, Tyco Healthcare Group, Tyco International, Sofradim Productions SAS, Medtronic, Inc., and Medtronic USA, Inc. (together, Covidien) move under 28 U.S.C. § 1407 to centralize this litigation in the District of Massachusetts. This litigation consists of 73 actions pending in seven districts, as listed on Schedule A. Since the motion was filed, the Panel has learned of ten related federal actions pending in two districts.[1] Plaintiffs in 51 actions pending in the District of Massachusetts, the Northern District of Florida, and the Southern District of Florida support the motion. Plaintiffs in the Western District of Missouri action oppose centralization or, alternatively, suggest centralization in the Western District of Missouri. Healthcare defendants in the Northern District of Oklahoma action (*McCall*)[2] oppose transfer of *McCall*.

Plaintiffs in these personal injury actions allege that they were implanted with various Covidien hernia mesh products to treat a hernia, and, consequently, they suffered injury. Most plaintiffs allege that the polyester used in defendants' hernia mesh products incites inflammation and heightened foreign body response, is more brittle, and is significantly more susceptible to fatigue fracture, breakage, fragmentation, and other mechanical failures than alternative polymers. In many actions, plaintiffs also allege defects in the collagen barrier or polylactic microgrips used in some Covidien hernia mesh products.

This litigation is before us for a second time. At our July 2020 hearing session, we denied a motion for centralization brought by Covidien. *See In re Covidien Hernia Mesh Prods. Liab. Litig.*, 481 F. Supp. 3d 1348 (J.P.M.L. 2020). The motion encompassed twelve actions in nine districts. Plaintiffs in three actions opposed centralization, while plaintiffs in two actions did not oppose the motion.

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Roller Weight Loss and Advanced Surgery, P.A., Northwest Arkansas Hospitals, LLC d/b/a Northwest Medical Center – Springdale, and Joshua Mourot, M.D.

- 2 -

In *Covidien I*, we denied centralization because, despite Covidien's argument that the litigation would "balloon," after three years of counsel advertising and hernia mesh conference discussions, there were just twelve actions pending, some of which had been pending for two or three years. There was some counsel overlap suggesting that informal coordination was a feasible alternative to Section 1407 centralization at that time.

In this new motion,[3] Covidien argues that (1) the number of involved actions has increased significantly since *Covidien I*, (2) many more cases will be filed because tolling agreements covering more than 6,000 claims are expiring, (3) the number of state court cases has increased significantly and will continue to increase, and (4) informal coordination and cooperation already were difficult and now are no longer practicable. In opposing centralization, the Western District of Missouri plaintiffs respond that, though the number of cases has increased, there is a smaller number of involved districts than when the Panel denied centralization in *Covidien I*,[4] and there still is significant counsel overlap, suggesting that informal coordination is workable.

We are persuaded that these changed circumstances—the significantly larger number of actions, the credible prospect of additional actions, the increase in number of counsel (though small), the concomitant increase in burden on party and judicial resources, and the increased need for federal-state coordination—coupled with significant plaintiff support for centralization, tip the balance in favor of creating an MDL. In particular, the significant growth in state court litigation supports creation of a single federal court proceeding, which would facilitate coordination. *See In re Plavix (No. II)*, 923 F.Supp.2d at 1378–79 ("[C]reation of a Plavix MDL will not only result in the usual Section 1407 efficiencies, it also likely will facilitate coordination among all courts with Plavix cases, simply because there will now be only one federal judge handling most or all federal Plavix litigation."). The parties represent that there are now more than 4,700 cases pending in the Massachusetts state court coordinated proceeding, and another 25 actions are pending in Minnesota state court.

Based on the foregoing, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual issues arising from common allegations that defects in defendants' hernia mesh products can lead to complications. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (in particular with respect to *Daubert* issues); and conserve the resources of the parties, their counsel, and the judiciary.

---

[3] We note that our denial of centralization in *Covidien I* did not foreclose the filing of this second motion for centralization. That earlier denial also does not preclude us from reaching a different result here. We will do so only rarely, however, where a significant change in circumstances has occurred. S*ee In re Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F.Supp.2d 1376, 1378 (J.P.M.L.2013).

[4] At the time of briefing, there were cases pending in eight districts. At oral argument, counsel for Covidien represented that cases now are pending in ten different districts.

- 3 -

We will not exclude the *McCall* action as requested by the healthcare defendants. The factual questions presented by plaintiff's medical negligence claims do not differ significantly from those presented by the product liability claims against Covidien. The transferee court can address the motions pending in *McCall*.[5] While transfer of a particular action might inconvenience some parties to that action, transfer is often necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

The District of Massachusetts is an appropriate transferee district for this litigation. Most cases are pending in this district, where Covidien LP is headquartered. Centralization there will facilitate coordination with the coordinated state court proceeding in Massachusetts state court. We will assign this litigation to Judge Patti B. Saris, who has the experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Dale A. Kimball |
| Roger T. Benitez | Madeline Cox Arleo |

---

[5] *See In re ClassicStar Mare Lease Litig.*, 528 F.Supp.2d 1345, 1347 (J.P.M.L.2007) (denying defendant's request that transfer be delayed until transferor court ruled on defendant's motion to dismiss).

IN RE: COVIDIEN HERNIA MESH
PRODUCTS LIABILITY LITIGATION (NO. II)          MDL No. 3029

## SCHEDULE A

<u>Middle District of Florida</u>

GARCIA v. COVIDIEN LP, ET AL., C.A. No. 6:21−01208

<u>Southern District of Florida</u>

RICCI, ET AL. v. MEDTRONIC, INC., C.A. No. 0:22−60211

<u>Eastern District of Louisiana</u>

SINGLETARY, ET AL. v. COVIDIEN LP, ET AL., C.A. No. 2:19−13108

<u>District of Massachusetts</u>

EASOM v. COVIDIEN, INC., ET AL., C.A. No. 1:21−11985
ZIMMERMAN v. COVIDIEN, INC., ET AL., C.A. No. 1:21−11991
CASTILLO v. COVIDIEN, INC., ET AL., C.A. No. 1:21−11995
CICERCHIA, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−11996
DAVIDSON, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−11998
EDEN v. COVIDIEN, INC., ET AL., C.A. No. 1:21−11999
HUDMAN, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12000
KELGIN, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12001
OGLESBY v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12002
WILSON v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12003
ZEIGLER v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12004
ZETINA, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12005
MORRIS v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12007
ELLIS v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12008
JOHNSON v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12009
TAYLOR v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12010
CAMPOPIANO v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12011
PADILLA v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12014
STREYAR v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12017
WINTERS v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12018
JUANZ v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12020
PEAK, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12022
ELLIOTT, JR. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12023
HARO v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12024
NASSAR v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12025
KOTHLOW, ET AL. v. COVIDIEN, INC., ET AL., C.A. No.1:21−12026

-A2-

RHODES, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12027
FORDOMS v. COVIDIEN, INC., ET AL., C.A. No. 1:21−12028
LUZEY v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10076
BEYMER v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10100
BOLTON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10102
COVINGTON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10104
MONTOYA v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10106
OLLER v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10107
CARTER v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10108
BAILON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10109
BARTELL v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10111
BOUND v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10112
HANKS v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10114
GUY v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10116
HURSH v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10118
JOHNSON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10119
JOHNSON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10120
MARMOLEJO v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10121
HANNA v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10122
BENNETT v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10123
SIPE v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10124
WILSON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10125
PASSMORE v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10136
MUNGUIA v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10137
SAITTA, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10138
SMITH v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10139
PIOTROWSKI v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10146
KELLY v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10147
MOYLE, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10149
TOLENTINO v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10152
PATTERSON, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10153
RAPP v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10256
ROBBINS v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10257
BRACKEN v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10274
GRIJALVA v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10275
DAVIS v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10276
HARRISON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10277
JOHNSON v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10279
JONES v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10280
SANCHEZ v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10283
STEWART v. COVIDIEN, INC., ET AL., C.A. No. 1:22−10284

Western District of Missouri

GRISHAM, ET AL. v. COVIDIEN, INC., ET AL., C.A. No. 4:21−00656

-A3

<u>District of New Jersey</u>

SMITH v. COVIDIEN LP, C.A. No. 1:19−11981

<u>Northern District of Oklahoma</u>

MCCALL v. COVIDIEN LP, ET AL., C.A. No. 4:21−00005